NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3064

KENNETH DEAN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.


Kenneth Dean, of College Park, Georgia, pro se.

Michelle A. Windmueller, Appellate Counsel, United States Postal Service, of Washington, DC, for respondent.  With her on the brief was Lori J. Dym, Chief Counsel.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3064

KENNETH DEAN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752080501-I-1.

_____

DECIDED:  May 11, 2009

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Kenneth Dean seeks review of the Merit Systems Protection Board ("MSPB") order dismissing his appeal as barred by the doctrine of res judicata. Because the appeal was properly dismissed, we <u>affirm</u>.

BACKGROUND

Mr. Dean worked for the federal government for a total of fifteen years, six of which were at the United States Postal Service ("USPS").  In 2001, Mr. Dean was removed from service at the USPS.  This removal was ultimately withdrawn as the result of a settlement agreement, and in 2002 Mr. Dean returned to work.  In early 2003, however, Mr. Dean's supervisor proposed once again to remove him based on three

charges: failing to be in regular attendance, failing to respond to official directives, and being absent without official leave. After Mr. Dean was removed, he appealed the decision to the MSPB. In September of 2004, Administrative Judge Miller issued an initial decision affirming the USPS's decision to remove Mr. Dean. Despite requesting and receiving two extensions of time, Mr. Dean did not file a petition for review with the MSPB until more than five months after the new deadline had passed. Dean v. U.S. Postal Serv., 100 M.S.P.R. 556 (2005). The MSPB found Mr. Dean did not establish a good cause for the delay, and held that Administrative Judge Miller's initial decision remained the final decision. Id. at 559.

Mr. Dean filed a new appeal with the MSPB in April of 2008, stating (in relevant part) that he was appealing his removal. In his appeal, he claimed that the removal violated his veteran's preference status, and indicated that the effective date of the agency's action was in 2006. Administrative Judge Vitaris issued an acknowledgement order, telling Mr. Dean that his appeal might be barred under the doctrine of res judicata since Mr. Dean seemed to be appealing the same 2003 removal he had already appealed. In his initial decision, Administrative Judge Vitaris ultimately dismissed Mr. Dean's claim for that reason. Although Mr. Dean gave an effective date of 2006 in his petition, the administrative judge found that Mr. Dean gave no evidence that he had ever been reemployed with the USPS. When Mr. Dean was asked about this, he argued that the USPS breached the settlement agreement relating to his 2001 removal. Administrative Judge Vitaris noted, however, that those arguments had already been adjudicated in Dean v. United States Postal Service, 101 M.S.P.R. 356, 359 (2006). Administrative Judge Vitaris then dismissed Mr. Dean's appeal, stating that Mr. Dean

could not "again relitigate his 2003 removal action on the merits." The decision was affirmed in an October 2, 2008 order. Mr. Dean now appeals to this court. We have jurisdiction to hear this case under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the MSPB's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Parrott v. Merit Sys. Prot. Bd., 519 F.3d 1328, 1334 (Fed. Cir. 2008). Under this standard, we review the MSPB's factual findings for substantial evidence. Parrott, 519 F.3d at 1334. Whether a particular claim is barred under the doctrine of res judicata is a question of law which we review without deference. Phillips/May Corp. v. United States, 524 F.3d 1264, 1268 (Fed. Cir. 2008).

As the USPS points out, at most the MSPB made two factual findings. First, Administrative Judge Vitaris found that Mr. Dean had not been reemployed with the USPS after his 2003 termination. Second, he interpreted Mr. Dean's appeal as relating to Mr. Dean's 2003 removal. Both of these findings are supported by substantial evidence. After being told in the acknowledgement order that his claims might be barred by res judicata and given an explanation as to why that was the case, Mr. Dean failed to come forward with any evidence suggesting that Administrative Judge Vitaris misunderstood Mr. Dean's claims on appeal. Mr. Dean presented no evidence that he had been rehired by the USPS after his 2003 removal, and the record contains no evidence suggesting otherwise. Further, in his informal brief to us, Mr. Dean again references his belief that the 2003 removal violated the 2001 settlement agreement.

Therefore, it is the 2003 removal that is at issue here. As the MSPB held, Mr. Dean's claims regarding that removal are barred by the doctrine of res judicata. Res judicata or, more precisely, claim preclusion, applies when "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003). First, the parties in this appeal are identical to those in the 2004 appeal: Mr. Dean on the one hand, the USPS on the other. Second, the 2004 appeal proceeded to a final judgment on the merits. Administrative Judge Miller affirmed Mr. Dean's removal only after he examined all of Mr. Dean's supporting evidence and addressed each of the charges in detail. The administrative judge explained to Mr. Dean why most of the charges were sustained, and even found in Mr. Dean's favor in one regard when he decided that the "agency failed to prove that the appellant was absent without approved leave on November 4 through 6, 2002." This is a judgment on the merits. The fact that Mr. Dean did not petition for review of that judgment in a timely fashion has no effect. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995). Third, the claims in this appeal are based on the same set of facts as the claims in the 2004 appeal, because both appeals relate to Mr. Dean's 2003 removal. Therefore, we agree with the MSPB that Mr. Dean's claims relating to his 2003 removal are barred by the doctrine of res judicata. To the extent that Mr. Dean makes other arguments, we find them to be without merit.

CONCLUSION

For the reasons stated above, we affirm.

COSTS

Each party shall bear its own costs.